No. 29,336.

CHARLOTTE E. BERTHOUD, *Appellant*, v. JOHN S. McCUNE et al., *Appellees.*

(287 Pac. 904.)

Opinion filed May 3, 1930.

*John J. Riling* and *Edward T. Riling*, both of Lawrence, for the appellant.
*Joseph J. Dawes,* of Leavenworth, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was brought by Charlotte E. Berthoud against the heirs of Lyman Scott, deceased, to quiet her title to a number of lots in the city of Leavenworth, alleging that the named defendants, who are heirs, had no interest or title to the lots, and she prayed that defendants be barred from claiming any estate or interest in the property. Some of the defendants answered, setting up their rights as remaindermen in the property, and others disclaimed any interest in the lots devised by the testator. A trial before the court resulted in findings and a judgment that under the will the plaintiff held a life estate in the property; that defendants

were contingent remaindermen, two of whom had conveyed their contingent interest to plaintiff, and judgment was given against plaintiff for costs. Plaintiff appeals.

Lyman Scott died in January, 1864, and his will was admitted to probate on April 4, 1864, by Judge David J. Brewer, then the probate judge of Leavenworth county. At the time of his death Lyman Scott left surviving him seven children, four of whom died years ago, leaving no surviving issue. Others of them died leaving issue, who have been made defendants. Only one of the testator's children is living now, and she and the survivor of another child conveyed their interests in the property to the plaintiff. Charlotte E. Berthoud, who was named in the will as Lottie Naylor, was the daughter of Elizabeth Lee. In the will much property was devised and bequeathed to the children of the testator and other relatives of different degrees, but this controversy involves only the lots mentioned, to which a life estate was given to the plaintiff. The provision applicable to the controversy is found in that part of item 10 of the will relating to the lots in controversy, and is a follows:

"I give, devise and bequeath to my granddaughter, Lottie Naylor, to her sole use, benefit and behoof during the term of her natural life, all of the following-described lots and parcels of land lying and situate in the city of Leavenworth (proper), in the county of Leavenworth and state of Kansas, to wit: lots numbered seventeen (17) and eighteen (18) in block number forty-seven (47); lot number thirty-one (31) in block number forty-six (46), and lot number twenty-three (23) in block number seventy-five (75); to have and to hold the same unto the said Lottie Naylor to her sole use, benefit and behoof during the term of her natural life, and subject to the life estate herein granted in and use of the lots and parcels of land in this "item tenth" mentioned and described, and after the death of said Lottie Naylor, I do give, devise and bequeath unto such of the issue of said Lottie Naylor as may be living at the time of her death, in equal proportions, share and share alike, and in fee simple, all of the lots and parcels of land in this "item tenth" mentioned and described hereinbefore. But if said Lottie Naylor shall die leaving no living issue of her body, then and in that event I give, devise and bequeath unto such of the half brothers and half sisters of the said Lottie Naylor as may be living at the time of her death, in equal proportions, share and share alike, and in fee simple, all of the lots of land in this item hereinbefore described. But if said Lottie Naylor shall die leaving no half brothers or half sisters, living, then and in that event I give, devise and bequeath all of the lots and parcels of land hereinbefore mentioned in this "item tenth" in equal proportions, share and share alike, and in fee simple, to my children."

It was shown that shortly after the death of the testator plain-

tiff entered into the possession of the property involved and had by virtue of the will held possession for more than fifty years. She had been married, but her husband died several years ago and she never remarried. She never had any children and is now about seventy-five years of age, and she produced evidence that she is incapable of bearing children. She had a half brother, Scott M. Lee, and a half sister, Mary E. Kirkham, each of whom is dead, and plaintiff had no other half brothers or sisters than those named.

The contention of plaintiff is that under the will she holds an estate tail, a paramount title in the property involved. The defendants contend that the will devised a life estate to plaintiff with a remainder over to designated persons; that an estate tail was not devised to her; and that since the will provided for a definite instead of an indefinite failure of issue, no such estate was given. The case must turn on whether the limitation over is upon a definite or indefinite failure of issue. As the limitation over is upon a definite failure of issue an estate tail is not created. It will be noted that the testator devises the property to plaintiff for life, then to the issue of her body, living at the time of her death, in equal proportions in fee simple, then if she should die leaving no issue of her body, the property is limited over to such half brothers and half sisters as may be living at the time she died, and in the event that she does not leave half brothers or half sisters, the property is to go in fee simple to the children of the testator. The language of the will clearly shows that a definite failure is fixed by the testator. It is not a failure of issue at some uncertain time, nor even at some time within a period when it may happen, but it is definitely fixed as of the time of plaintiff's death. The terms of the will leave no doubt that this was the intention of the testator. His will expressly devises the property to the issue of plaintiff living at the time of her death, and the subsequent terms refer to a failure of living issue at the time of plaintiff's death. It has been ruled that in cases of this kind effect should be given to the manifest intention of the testator. (*Brown v. Boone*, 129 Kan. 786, 284 Pac. 436.) The meaning and effect of a definite or indefinite failure of issue were considered in *Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682, where it was said:

"A will providing that property devised to the testator's daughter should 'if said daughter shall be survived by issue,' descend to such issue, 'but failing

such issue,' should go to her brothers, *means* that if at the time of her death the daughter had living issue such issue should take an absolute title, and that otherwise the title should pass to the brothers." (Syl. ¶ 2.)

In *Farmers' State Bank of Chase v. Howlett,* 126 Kan. 610, 270 Pac. 605, it was decided:

"A testator devised lands to his wife for her sole use and maintenance during her natural life and after her death to his granddaughter and after her death to her children, but if there should be no children living at the time of her death, then to a son of the testator. *Held,* that the will did not create an estate tail in the granddaughter and that she could not convey the land free and clear from the claims of her children."

The question of what constitutes a definite failure of issue was before the Indiana court, which held that a definite failure of issue is when "a precise time is fixed for the failure of issue." (*Huxford, Adm'x, v. Milligan et al.,* 50 Ind. 542.) It has also been said that:

"The phrase 'dying without issue' or the like, standing alone, in a will is ordinarily construed at common law as meaning an indefinite failure of issue, unless a contrary construction is required by statute or unless the context of the will and the surrounding circumstances show that a definite failure of issue living at the death of the ancestor named was intended by the testator." (40 Cyc. 1502.)

See, also, 40 Cyc. 1600; *Purl v. Purl,* 108 Kan. 673, 197 Pac. 185; 10 R. C. L. 659.

A precise time being fixed, no estate tail was created. Manifestly the testator did not intend to give plaintiff more than a life estate in the property, and she was not entitled to judgment barring the remaindermen from claiming an interest therein. It appears that two of the remaindermen have sold their contingent interest to plaintiff. What they or others of the remaindermen will be entitled to under the provisions of the will cannot be determined until the death of plaintiff. While a contingent remainder may be assigned or sold, the assignee gets the interest subject to the same conditions and limitations as applied to the assignor. In 21 C. J. 998 the governing rule is stated:

"In accord with the rules of assignability elsewhere considered, a contingent remainder is alienable when the remainderman is ascertained and the uncertainty which makes it contingent is in the event on which it is limited to take effect, because in such case the possibility is coupled with an interest, but the interest transferred is subject to the same contingencies in the hands of the transferee as it would have been if it had not been transferred."

Something is claimed under testimony offered to show that it will

be impossible for plaintiff to have children or to have half brothers and half sisters, and therefore that plaintiff is entitled to claim a vested interest. That contingency is to be determined by the situation and circumstances existing at the death of plaintiff. That is the prescribed event upon which contingencies are to be settled, and uncertainties made certain. It has been said that—

"A contingent estate in favor of an unborn beneficiary does not fail until it becomes incapable of taking effect by the termination of the event or time prescribed since the possibility of issue is, in contemplation of law, extinguished only with life." (40 Cyc. 1682.)

Some other matters are discussed which are held not to be material, and finding no error in the judgment, it is affirmed.

A stipulation has been filed by parties to the effect that a judgment rendered in another case shall be the same as that rendered in this case, with a certain exception. Judgment in the other case (No. 29,556) is rendered and will be entered in accordance with the stipulation.