No. 29,428.

W. E. BURNWORTH, *Appellee,* v. BESSIE B. CORBIN FELLERMAN, BYRON CHARLES CORBIN and HARRY McDILL, *Appellants.*

(289 Pac. 433.)

Opinion filed July 5, 1930.

*John O. Morse,* of Mound City, for the appellants.

*A. M. Keene,* of Fort Scott, and *John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to quiet title to real estate conveyed to the plaintiff by devisees under a will of the record owner thereof, the plaintiff claiming that his grantors, the devisees, held a fee-tail estate in said property and by the conveyance cut off the entailment. The demurrer of the defendants to the petition was overruled, and the defendants stood upon the demurrer, and appeal from that ruling and the rendition of judgment in favor of plaintiff quieting title against the defendants.

Several questions are involved, but the principal ones are, whether the devise was of an estate in fee tail, and in connection therewith

whether the limitation over was upon a definite or indefinite failure of issue.

The following are the paragraphs of the will that need special consideration in this connection:

"I hereby give, devise and bequeath to my said wife, Ida Corbin, and my said daughter, Nathana Corbin, the fee-simple title to the above-described land, in trust for the heirs of the body of said Nathana Corbin, to be divided among them as follows: The children of said Nathana Corbin surviving her to share alike in said real estate, and the grandchildren, if any, of said Nathana Corbin, to take in equal shares the portion of said real estate that the parent of said grandchildren would have received under this will had the parent outlived said Nathana Corbin: *Provided,* That if said Nathana Corbin die without any child or children of her body surviving her, and without any grandchild or children being the child or children of a deceased child of the body of said Nathana Corbin, then and in that event said above-described land, after the death of said Ida Corbin and Nathana Corbin, shall be and become the absolute property of the children of my brother, B. B. Corbin, to wit: Bessie B. Corbin, Jessie S. Corbin and Byron Charles Corbin, share and share alike. . . .

"It is further intended hereby that after the death of said Ida Corbin that the said Nathana Corbin, my daughter, shall have the full enjoyment of said above-described land during her natural life to the same extent (except the right to sell, mortgage or encumber said land) as though she was the absolute owner thereto, and after the death of both of said Ida Corbin and Nathana Corbin that the title pass absolutely as hereinbefore stated."

A short paragraph between these two above quoted gave Ida Corbin, the widow of the testator, the full enjoyment of the property during her natural lifetime. The deed to the plaintiff was executed by Ida Corbin and by Nathana Corbin Netherow, daughter of the testator, and her husband, after the will had been admitted to probate. The plaintiff was put in possession of the property and remains in possession thereof. For convenience we will refer to the daughter of the testator by her maiden name as it appears in the will.

We will first consider the force and effect of the limitation over as to its being upon a definite or indefinite failure of issue, and will do so upon the theory that the devising portion above quoted, without regard to the limitation or remainder, would have given to the devisees an estate in fee tail.

". . . If it appears that the limitation over was not postponed until an indefinite failure of issue, but on failure of children only, or on failure of issue within a given time, the estate will not belong to the class known as estate tail." (10 R. C. L. 657.)

". . . Whenever it appears in the instrument creating the estate that it was intended that the issue of the first taker should take by inheritance in a direct line, and in a regular order and course of descent, so long as his posterity should endure, and an estate in fee or in tail is given in remainder, upon an indefinite failure of issue, then the estate first created will be construed to be an estate tail. But if, on the other hand, the limitation over is not postponed until an indefinite failure of issue, but on failure of children only, or on failure of issue within a given time, it is well settled that the estate will not belong to the class known as estate tail." (10 R. C. L. 659.)

"The rule does not apply where the limitation is not upon an indefinite, but is upon a definite failure of issue, and wherever the limitation over is on failure of issue at the death of the first taker no estate tail is implied. The words 'die without leaving issue,' or other expressions of the same import, will be construed as meaning an indefinite failure of issue, unless a contrary intention appears. . . ." (40 Cyc. 1600.)

The definition of estates tail requires that the limitation over be postponed as long as the posterity endures.

"Estates tail are estates of inheritance which, instead of descending to heirs generally, go to the heirs of the donee's body, which means his lawful issue, his children, and through them to his grandchildren in a direct line, so long as his posterity endures in a regular order and course of descent, and upon the extinction of such issue the estate determines." (21 C. J. 931.)

"By an 'indefinite' failure of issue is meant a failure of issue which may occur at any time in the future, even in the remotest generation, and not a failure at the time of the death of the devisee named, or at any other fixed time. . . ." (1 Tiffany on Real Property [2d ed.], 65.)

"The will may be so worded as to show that the failure of issue spoken of was to occur at the death of a specified person, generally the first taker. Under such a construction the estate granted was a fee simple, conditioned upon the existence of issue of the first taker at the specific time indicated. This was known as a definite failure of issue. On the other hand, the will might be so worded as to show that testator did not contemplate the failure of issue at any specified time, but that he intended the limitation over to take effect only if the issue of the first taker should ever fail at any time in the future." (2 Page on Wills [2d ed.], p. 1664, § 1005.)

In a very recent case, *Berthoud v. McCune*, 130 Kan. 634, 287 Pac. 904, this court applied this distinction between definite and indefinite failure of issue to the provisions of a will essentially the same as those in the case now under consideration. The first paragraph of the syllabus is as follows:

"A testator devised certain real estate to his granddaughter, to be held for her sole use during her natural life and then to go in fee simple to the issue of her body living at the time of her death, and if she died leaving no living issue of her body, then to go in fee simple to such half brothers and half

sisters as may be living at the time of her death, but if she died leaving no half brothers or half sisters the property should go to the children of the testator. The granddaughter claimed that the will gave her an estate tail in the property. *Held*, that as the limitation over is upon a definite failure of issue—that is, upon the death of the granddaughter—an estate tail was not created." (Syl. ¶ 1.)

In the opinion it was said:

"The case must turn on whether the limitation over is upon a definite or indefinite failure of issue. As the limitation over is upon a definite failure of issue, an estate tail is not created. It will be noted that the testator devises the property to plaintiff for life, then to the issue of her body living at the time of her death, in equal proportions in fee·simple, then if she should die leaving no issue of her body the property is limited over to such half brothers and half sisters as may be living at the time she died, and in the event that she does not leave half brothers or half sisters the property is to go in fee simple to the children of the testator. The language of the will clearly shows that a definite failure is fixed by the testator. It is not a failure of issue at some uncertain time, nor even at some time within a period when it may happen, but it is definitely fixed as of the time of plaintiff's death. The terms of the will leave no doubt that this was the intention of the testator. His will expressly devises the property to the issue of plaintiff living at the time of her death, and the subsequent terms refer to a failure of living issue at the time of plaintiff's death. It has been ruled that in cases of this kind effect should be given to the manifest intention of the testator." (p. 636.)

In the case at bar the failure of issue was definitely fixed by the testator as of the time of the death of the first taker, the daughter, Nathana Corbin, "Provided, that if said Nathana Corbin die without any child or children of her body surviving her, and without any grandchild or children being the child or children of a deceased child of the body of said Nathana Corbin, then and in that event said above-described land, after the death of said Ida Corbin and Nathana Corbin, shall be and become the absolute property of the children of my brother, B. B. Corbin."

It will readily be observed that the testator endeavored to avoid the risk of violating the rule of the inheritance being in a direct line and in a regular order and course of descent by adding a provision so as to include grandchildren, children of a deceased child—but what of a great grandchild whose parent and grandparent in line of descent may have been deceased? The direct line and regular course of descent is concluded with children and grandchildren, and under the terms of the will can go no further in the way of postponing the failure of issue. The failure of issue that is designated is to be without a fixed or given time, viz., the time of the death of the

daughter, Nathana Corbin, which makes it, under the authorities above cited, a definite failure of issue and prevents the devise from being an estate tail.

This question was carefully considered in *Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682, and the distinction clearly pointed out as to the difference between an immediate and a future failure of issue.

"The phrase 'if said daughter shall be survived by issue' can only mean if she shall have living issue at the time of her death. The subsequent words 'failing *such* issue' as clearly refer to a failure of living issue at the time of the mother's death. Moreover, the fact that upon her death without issue the property was to go to her brothers sufficiently indicates that the immediate and not the future failure of issue was in the mind of the testator." (p. 554.)

We have thus far been considering the case as if the granting words of the will, aside from the limitation over, created an estate tail, and having reached the conclusion that the limitation over is upon the condition of a definite failure of issue which will prevent the estate from being one in fee tail, it may not be necessary to go further except to note a few of the distinctions between the case at bar and some of the cases cited in the briefs.

Special consideration of this subject was given in the case of *Gardner v. Anderson, Trustee*, reported in 114 Kan. 778, 227 Pac. 743, and on rehearing in 116 Kan. 431, 227 Pac. 743. The distinction between that case and the one at bar is that the word "issue" was used there instead of "children of her body," and grandchildren being children of a deceased child of her body, as in this case, and the former necessarily continues down the regular line of descent, whereas this is limited.

In *Allen v. Pedder*, 119 Kan. 773, 241 Pac. 696, the terms used in the will were held to mean "legitimate issue" or "express lineage." In this as in the previous case it was held an estate tail was created.

In *Davis v. Davis*, 121 Kan. 312, 246 Pac. 982, the devise was to the children born of her body, and it was held to create an estate tail, but there was no limitation over to effect the original devise. Substantially the same situation existed in the case of *Wright v. Jenks*, 124 Kan. 604, 261 Pac. 840.

The trust estate attempted to be devised in the case at bar could not possibly be more than an inactive or passive trust and would not effect the devise or the limitation over. (See *Grossenbacher v. Spring*, 108 Kan. 397, 195 Pac. 884; *Johnson v. Coolbaugh*, 109 Kan. 597, 201 Pac. 59.)

We conclude that the limitation over, as provided in the will, is upon a definite failure of issue and therefore would prevent the devise from being an estate in fee tail.

The judgment is reversed and the cause is remanded with instructions to sustain the demurrer to the petition.