No. 30,347.

Iola Ross Woodley and Emery C. Woodley, *Appellees*,
v. W. M. G. Howse, *Appellant*.

(3 P. 2d 475.)

Opinion filed October 10, 1931.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott* and *George Stallwitz*, all of Wichita, for the appellant.

*Robert R. Hasty* and *George E. Hasty*, both of Wichita, for the appellees.

The opinion of the court was delivered by

Sloan, J.: This was an action for a declaratory judgment to construe the will of R. W. Ross, deceased, and to determine whether plaintiffs have a merchantable title in fee simple to certain lands described in the petition. The trial court found that the will created a fee-tail estate and that the entail had been barred by the conveyance of the real estate, and rendered judgment accordingly. The defendant appeals.

The last will and testament of R. W. Ross, deceased, was duly and regularly admitted to probate on the 23d day of November, 1916. The portion of the will which pertains to the appellees' title is as follows:

"Third. I will, devise and bequeath all the rest and residue of my property, whether real, personal or mixed, of which I may die seized, or possessed, to my daughter, Iola Ross, for her use and benefit for the term of her natural life, and it is my desire and bequest that at her death all that remains of my said real and personal property and its rents, issues and increase shall fall to and be owned by whatever child or children may hereafter be born to her in lawful wedlock, and the descendants of said child or children per stirpes; and if my said daughter, Iola Ross, shall die without leaving a child born in lawful wedlock, or the descendants of any such child or children, then it is my wish, desire and bequest that at her death, all that remains of my said real and personal property, its rents, issues and increase, shall fall to and be owned by my brothers, or their heirs, if deceased, to wit: William H. Ross, Thomas I. Ross, and Frank Ross, share and share alike. However, it is my wish, desire and bequest that such rest and residue of my personal property of which I may die seized or possessed, shall be owned and com-

pletely controlled by my said daughter, Iola, with full power to dispose of the same in any way, except by will, and that my farm, located in Sedgwick county, Kansas, to wit: The northwest quarter of section twenty-four (24), township twenty-seven (27) south and range two east of the 6th P. M., shall only be for her use during her natural life, giving her power over the full rents thereof and 'the use thereof only for the term of her natural life, and at her death, it is my wish, desire and bequest that said farm shall fall to and be owned by any child or children born to my said daughter in lawful wedlock and their descendants, they taking per stirpes, and in case my daughter, Iola Ross, dies without living child born in lawful wedlock or descendants of any such child, then it is my wish, desire and bequest that said farm shall go to my brothers hereinbefore named, share and share alike, and if they or any of them be dead, then to their heirs, they taking per stirpes.

"Fourth. It is my wish and I so will that the child named Everet, heretofore born to my daughter, Iola, or any heirs which he may have shall not inherit or receive any benefit in any way from the property of which I may die seized or possessed, whether real, personal or mixed."

The appellees, on the theory that the quoted portions of the will created a fee-tail estate in them, conveyed the land in question to Andy Hempenius on April 29, 1929, and he in turn reconveyed to the appellees on April 30, 1929. Did this vest in the appellees a merchantable title to the land?

An estate tail has been defined by this court as "a freehold estate in which there is a fixed line of inheritable succession limited to the issue of the body of the grantee or devisee, and in which the regular and general succession of statutory heirs at law is cut off." (*Gardner v. Anderson, Trustee*, 116 Kan. 431, syl. ¶ 3, 227 Pac. 743.)

The will as it relates to the land in question is as follows:

"I will, devise and bequeath . . . to my daughter, Iola Ross, . . . my farm, . . . shall only be for her use during her natural life, giving her power over the full rents thereof and the use thereof only for the term of her natural life, and at her death, it is my wish, desire and bequest that said farm shall fall to and be owned by any child or children born to my said daughter in lawful wedlock and their descendants. . . . In case my daughter, Iola Ross, dies without living child born in lawful wedlock or descendants of any such child, then it is my wish, desire and bequest that said farm shall go to my brothers . . ."

Is this language in the will sufficient to create an estate tail as defined by this court?

The essential and distinguishing earmarks which denote the creation of an estate tail are an interference with and curtailment of the statutory rules pertaining to the descent and distribution of real estate and a limitation of the right of inheritance to the issue of the

body of the grantee or devisee. This court has held that the following language is sufficient to create an estate tail:

"'I will and bequeath to my daughter, . . . and to the heirs of her body.'" (*Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 1131.)

"'Clarinda E. Smith & to the children either now or hereafter begotten of Josiah Smith and said Clarinda E. Smith.'" (*Wiggins v. Powell,* 96 Kan. 478, 152 Pac. 765.)

"'To my daughter, Georgia Gardner, the remainder of my property, both personal and real, for the length of her lifetime only. My direct intention being that she shall have the income only from said property.

"'Should my daughter, Georgia Gardner, marry and have issue, then I direct that at her death my property shall descend to them equally, share and share alike. In the event of no issue, then at her death, all my property shall revert to the Gardner estate.'" (*Gardner v. Anderson, Trustee,* 114 Kan. 778, 779, 227 Pac. 743.)

"'To my adopted son, Joseph Pedder, . . . to be used by my said adopted son, Joseph Pedder, for and during his natural life, and after his death I give, devise and bequeath said real estate to his children, of his own blood, born in lawful wedlock.

"'Should my adopted son, Joseph Pedder, die without children of his own blood born in lawful wedlock, then I give and devise said real estate to my great-nephew . . .'" (*Allen v. Pedder,* 119 Kan. 773, 241 Pac. 696.)

It is first contended by the appellant that the language contained in the will creates a life estate in Iola Ross, with remainder in her children. It is true that the language contained in the will, "shall only be for her use during her natural life, giving her power over the full rents thereof only for the term of her natural life," is language usually found in the creation of a life estate. There is, however, no limitation on the power of alienation as in the case of *Brown v. Boone,* 129 Kan. 786, 284 Pac. 436. Language, however, which would ordinarily create a life estate, if followed by characteristic words of procreation, may create an estate tail. The phraseology used in the will under consideration is not more indicative of a life estate than the language used in the will interpreted by this court to create an estate tail in *Allen v. Pedder,* supra. We hold, therefore, that the words ordinarily found in the creation of a life estate construed with the entire provisions of the will do not destroy the estate tail.

It is next urged that the term "any child or children born to my said daughter in lawful wedlock and their descendants" are words of purchase and not of limitation. The word "children," while peculiarly a word of purchase, may sometimes be a word of limita-

tion. In this instance it is a word of limitation. The child or children must be born to the daughter. This distinguishes them from adopted children and is equivalent to "issue," "children of the blood," or "children of the body." (*Allen v. Pedder,* supra.) The will contains the further limitation that the children must be born in lawful wedlock. It is quite clear, therefore, that the language used are words of procreation and of limitation sufficient to create an estate tail.

It is next argued by the appellant that the will provided for a definite instead of an indefinite failure of issue. If the limitation over is upon a definite failure of issue, an estate tail is not created. (*Berthoud v. McCune,* 130 Kan. 634, 287 Pac. 904.) The will is, "in case my daughter, Iola Ross, dies without living child born·in lawful wedlock or descendants of any such child, then it is my wish . . ." The question of what constitutes a definite failure of issue was before this court in *Berthoud v. McCune,* supra, and in that case the court held:

"A testator devised certain real estate to his granddaughter to be held for her sole use during her natural life and then to go in fee simple to the issue of her body living at the time of her death, and if she died leaving no living issue of her body, then to go in fee simple to such half brothers and half sisters as may be living at the time of her death, but if she. died leaving no half brothers or half sisters, the property should go to the children of the testator. The granddaughter claimed that the will gave her an estate tail in the property. *Held,* that as the limitation over is upon a definite failure of issue, that is upon the death of the granddaughter, an estate tail was not created." (Syl. ¶ 1.)

It was again before this court in the case of *Burnworth v. Fellerman,* 131 Kan. 186, 289 Pac. 433, in which the court held that the limitation over was upon a definite and not an indefinite failure of issue and consequently did not create an estate tail.

Where the grantor has selected a line of inheritable succession for his property it must continue so long as posterity endures in a regular order and course of descent. He may, of course, provide for the disposition of the property on an indefinite failure of issue, but if this is attempted on a definite failure, such as at the time of the death of the devisee named or other fixed time, the estate tail fails. In *Burnworth v. Fellerman,* supra, the provision of the will was:

" '*Provided,* That if said Nathana Corbin die without any child or children of her body surviving her, and without any grandchild or children being the child or children of a deceased child of the body of said Nathana Corbin,

then and in that event said above-described land, after the death of said Ida. Corbin and Nathana Corbin, shall be and become the absolute property of the children of my brother, B. B. Corbin.'" (Syl.)

It was held that the limitation over was upon a definite failure of issue and therefore not an estate tail.

The will under consideration is "in case my daughter, Iola Ross, dies without living child born in lawful wedlock or descendants of any such child." This is equivalent to saying "in case my daughter dies without issue," which would be the end of the line of inheritable succession established by the will and an indefinite failure of issue.

The will in question creates an estate tail and a conveyance of the property defeats the entailment, consequently the appellees are the holders of a merchantable title to the real estate in question and the judgment of the court below is affirmed.

HARVEY, J., dissenting.