No. 35,041

GLENN AYERS et al., *Appellees,* v. ANDY GRAFF, *Appellant;* THE
TRADERS STATE BANK OF GLEN ELDER, Interpleader, *Defendant.*

(109 P. 2d 202)

Opinion
filed January 25, 1941.

*A. E. Jordan,* of Beloit, for the appellant.

*R. L. Hamilton,* of Beloit, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action against Andy Graff to compel
specific performance by him of a contract for the purchase of real
estate.

The petition filed September 19, 1939, alleged that plaintiffs Glenn
Ayers and Grace Ayers McClintock were the owners in fee tail of
the real estate hereafter described and entitled to convey the fee
simple title thereto, and that the other plaintiffs were agents of the
owners; that on February 27, 1939, the defendant entered into a
written contract with plaintiffs whereby he agreed to purchase the
real estate for $4,000, paying $500 as part of the purchase price as
provided in the contract, a copy of which was attached to the peti-
tion: that plaintiffs were ready and willing to perform when de-

fendant paid the remainder of the purchase price and they had tendered a deed which defendant refused to accept; that defendant, through his attorneys, had rendered an opinion on the abstract of title, directing attention to a suit wherein Glenn Ayers and Grace Ayers McClintock had been found to own the land in estate tail; that on May 1, 1926, in an action in the district court of Mitchell county wherein Glenn Ayers and Grace Ayers McClintock were plaintiffs and Ord Clingman, administrator of the estate of Aaron Clingman, deceased, was defendant, being an action to construe the will of Aaron Clingman, the court rendered judgment that the will conveyed an estate tail to the devisees, Glenn Ayers and Grace Ayers McClintock, which may be converted into a fee title by proper conveyance, and that no appeal had been taken from that judgment. Plaintiffs prayed for performance of the contract by the defendant. The contract provided that plaintiff would convey by warranty deed in fee simple, clear of all incumbrances, and Graff would buy the property for $4,000, $500 being placed in escrow in the Traders State Bank of Glen Elder and as soon as Graff approved the title he was to pay the balance of $3,500.

So far as need be noticed, the answer of Graff, filed September 28, 1939, alleged that the purported judgment and decree of the district court of Mitchell county was ineffectual to create an estate tail in Glenn Ayers and Grace Ayers McClintock and was not such a judgment as would bar the issue of them or other possible remaindermen, for the reason Ord Cyrus Clingman, as an individual, was the sole and only defendant; that Glenn Ayers and Grace Ayers McClintock had no right or interest in the real estate except such as was devised to them under the second paragraph of the will of Aaron Clingman, deceased, which read as follows:

"2d. I give, bequeath and devise to my beloved grandchildren Glenn Ayers and Grace Ayers McClintock, to have and to enjoy the use thereof during their natural lifetime, without impeachment of waste, condition or limitation of any kind, share and share alike, the tract of land lying and situate in Mitchell county, Kansas, and more particularly described as the southeast quarter (S. E. ¼) of section three (3) in township six (6) south of range ten (10) west of the 6th p. m. and containing one hundred sixty (160) acres, to be used by them during their natural life, all except herein provided: and upon the death of either or both of said grandchildren, or upon my own death in case I survive either, to the living issue of such deceased grandchild, if any, the undivided share of such deceased parent, to be divided share and share alike, by such living issue, if any, and if no living issue, then such share to go to the surviving grandchild above named."

It was further alleged that at the time of his death Aaron Clingman was a widower, and that he was survived by a son, Ord Cyrus Clingman, two daughters, Emma Susan Shearer and Mattie Sutton, and two grandchildren above named; that the abstract of title did not disclose whether Glenn Ayers or Grace Ayers McClintock had any issue, but that defendant had been informed that both now have issue living and that some of such issue were minors at the time of the commencement of the action to construe the will; that a conveyance from Glenn Ayers and Grace Ayers McClintock would not invest their grantee with a fee simple title; that the abstract of title never disclosed a merchantable title, and that the deeds tendered by plaintiffs were defective and insufficient to constitute a fulfillment of the contract. Defendant prayed for judgment in his favor. Attached to the answer were copies of attorneys' written opinions on the title which need not be reviewed. The plaintiff filed no reply to such new matter as was included in the answer.

On November 21, 1939, an affidavit of Mattie Sutton was filed which shows that Aaron Clingman died February 15, 1923; that the action to construe his will was filed May 1, 1926; that Grace Ayers McClintock had nine living children, three of them having been born prior to the death of Aaron Clingman, and that Glenn Ayers had a child born after the death of Aaron Clingman. On July 24, 1940, defendant Graff filed his motion for judgment upon the pleadings in the action and the records in the cause. This motion was denied, Graff gave notice in open court of his intention to appeal and the court thereupon announced consideration of the interplea of the Traders State Bank would be deferred. The appeal was duly perfected. Thereafter the parties entered into a stipulation requesting this court to decide certain questions, all of them being mentioned in briefs submitted. Some of them obviously were not considered by the trial court and will not be discussed by us. We shall limit our discussion to matters pertaining only to the correctness of the trial court's ruling on the motion for judgment.

The basic question presented is whether the defendant was warranted in his refusal to accept the title to the lands involved. We approve and adhere to the rule announced in *Eisenhour v. Cities Service Oil Co.*, 149 Kan. 853, 89 P. 2d 912, where it was held:

"A title need not be bad in fact in order to be nonmerchantable or unmarketable. It is sufficient to render it so if an ordinarily prudent man with knowledge of the facts and aware of the legal questions involved would not accept it in the ordinary course of business." (Syl. ¶ 3.)

To determine the condition of the title presently involved requires consideration of two matters. Is the judgment in the suit of Glenn Ayers and Grace Ayers McClintock against Ord Cyrus Clingman and brought to construe the second paragraph of the will of Aaron Clingman *res judicata* and not subject to collateral attack by Andy Graff, and if that question be answered in the negative, was the nature of the estate devised to Glenn Ayers and Grace Ayers McClintock under the will such that an ordinarily prudent man would not accept a warranty deed from them as a conveyance of the fee simple estate?

It is clear that in the action to construe paragraph 2 of the will, the sole defendant was Ord Cyrus Clingman. There is some controversy whether he was sued in his representative capacity as an executor, or in his individual capacity as an heir, but we do not think it necessary to discuss that phase of the matter. It is also clear that at the time that action was filed, Grace Ayers McClintock had three living children issue of her body, and that they were not made defendants. It is equally clear·that if the paragraph of the will was ambiguous as to the estate created, and the petition in the action to construe the will alleged it was, and Glenn Ayers and Grace Ayers McClintock did not have a fee tail estate devised to them, then the living issue of either surviving woud be remaindermen. The purpose of the suit by the plaintiffs was to have the estate devised to them declared to be an estate tail and was adverse to the issue. We need not consider whether the party defendant was all that was necessary had no issue been living when the action was filed, for that situation did not obtain. It is well settled that in a suit to construe a will, all persons who are interested in the subject matter and whose interests will necessarily be affected by the construction of the will and the decree rendered are not only proper, but necessary and indispensable parties. (See 69 C. J. 882; Pomeroy's Equity Jurisprudence, 4th ed., § 114; Page on Wills, 2d ed., § 1405; Underhill on Wills, § 457, p. 610; Bartlett's Kansas Probate Law and Practice, § 439, p. 440; Note, 120 A. L. R. 876.) The children should have been parties to the above action if their rights under the will were to be adjudicated. In this case it is not proper to say they are in privity with their parents and are bound. Such rights as they may have come by reason of their being devisees under the will of Aaron Clingman, and not by reason of their being heirs of their respective parents. (50 C. J. 407, 34 C. J. 1010 *et seq.*, 15 R. C. L. 1015; *Fitzgerald v. Fitzgerald*, 97 Kan. 408, 411, 155 Pac. 791; *Allen*

*v. Birch,* 129 Kan. 351, 355, 282 Pac. 737.) The interests of the parents and the children are adverse to each other. Under the circumstances, they were strangers to the suit and such rights as they had were not adjudicated. Neither may it be said the present defendant is in privity with Glenn Ayers or Grace Ayers McClintock. He is resisting taking title from them.

Although we are asked to decide the exact nature of the estate granted under the above paragraph of the will of Aaron Clingman, that may not be done for two reasons. There is no indication in the pleadings or record that that issue was raised in the trial court, or if it was, it could not have been determined, because none of the issue whose rights would have been adjudicated were before that court as parties to the action. We examine into the matter only far enough to determine whether or not the defendant in the instant case was justified in his refusal to accept the title. It will be observed that the first portion of the paragraph of the will devises to Glenn Ayers and Grace Ayers McClintock only a life estate. If it be assumed the latter portion enlarged that estate to a fee tail estate, it was because of the provision:

"To the living issue of such deceased grandchild, if any, . . . and if no living issue, then such share to go to the surviving grandchild above named."

Although as indicated, the question is not properly before us for a decision binding upon the issue, it may be said that under *Berthoud v. McCune,* 130 Kan. 634, 287 Pac. 904; *Burnworth v. Fellerman,* 131 Kan. 186, 289 Pac. 433; *Coleman v. Shoemaker,* 147 Kan. 689, 78 P. 2d 905, there is grave doubt that an indefinite failure of issue was provided or that an estate tail resulted. (See, also, Bartlett's Kansas Probate Law and Practice, § 419 [4], p. 407.) No action has been brought against the proper parties for a legal adjudication of the nature of the estate granted. As disclosed by the record, there was sufficient doubt based on reasonable grounds which would impel a reasonably prudent man, familiar with the facts, to reject the title in the ordinary course of business. That being disclosed by the record, the trial court erred in not sustaining appellant's motion for judgment.

The judgment of the trial court is reversed and the cause remanded with instructions to render judgment for the defendant.