No. 36,177

J. S. Delp, H. A. Delp and Catherine Delp Ervin, *Appellees,* v. Lillian Delp George, *Appellant,* Vaughn Bennett, *Defendant,* and C. B. Delp, *Appellee.*

(150 P. 2d 334)

Opinion filed July 8, 1944.

*Robert W. Hemphill,* of Norton, argued the cause for the appellant.

*J. C. Tillotson,* of Norton, *W. L. Sayers* and *W. P. Sayers,* both of Hill City, were on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, J.: The pleadings in this action in the court below were so framed as to present for decision the question whether the will of Jonas 'S. Delp created an estate tail in his daughter, Lillian Delp George, in the lands described in the third paragraph of the will. The trial court held that an estate tail was not created. Mrs. George has appealed.

Jonas S. Delp, a well-to-do resident of Norton county, died April 3, 1932, leaving three sons and two daughters as his only heirs at law and leaving a will, which had been executed July 22, 1925, and which was duly admitted to probate May 14, 1932, disposing of his property among his children and a grandson. The pertinent portions of the paragraph of the will in question read:

"To my daughter Lilian B. George, I devise and bequeath during her natural lifetime the [the real property, 480 acres of land, is described] and at her death to be divided among the children of the said Lilian B. George born to her, if any, but not adopted children; but in the event that the said Lilian B. George dies without issue of the body, that is children born to her, then in that event the said property herein willed to her during her lifetime shall descend to be divided among my other children . . . or their children. . . . It is my intention to give to my said daughter, Lilian B. George, a life interest in the above described lands and on her death to be divided among the issue of her body, that is children born to her, but in the event of her death before any children are born to her that said property be divided among the rest of my children or grandchildren as hereinafter mentioned."

Lilian B. George, named in the will, is the same person as Lillian

Delp George named in the pleadings. She is married, was about forty-six years of age when the will was executed, and no child has been born to her. On May 17, 1943, she and her husband conveyed the land described in paragraph three of the will to Arthur R. Lee by warranty deed, and the next day Arthur R. Lee reconveyed the land to Lillian Delp George. Both deeds were duly recorded. Counsel agree, and for the purpose of this case we will assume without deciding, that these deeds barred the estate tail, if one had been created by the will. Since the will of Jonas S. Delp became effective on its probate, May 14, 1932, it is not affected by section 2 of the property act of 1939 (Laws 1939, ch. 181, sec. 2; G. S. 1943 Supp. 58-502). The will must be interpreted in harmony with the recognized law of this state existing at the date of its probate.

As argued by counsel, the question before us is whether the will of Jonas S. Delp provided for a gift over upon the definite failure of issue of his daughter, Mrs. George, or the indefinite failure of such issue.

In 11 R. C. L. 481 it is said:

"A definite failure of issue is where a precise time is fixed for the failure of issue, not in express terms, but inferable with reference to any particular time or event, as in the case of a devise to a designated person, but if he die without lawful issue living at the time of his death, then over."

In 31 C. J. S. 35, it is said:

"The indefinite failure of issue which is an essential ingredient of a fee tail means a failure of issue which may occur at any time, rather than at any fixed time."

These definitions accord with our decisions. See: *Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682; *Purl v. Purl*, 108 Kan. 673, 197 Pac. 185; *Farmers State Bank v. Howlett*, 126 Kan. 610, 270 Pac. 605; *Janssen v. Wilkens*, reported with *Brown v. Boone*, 129 Kan. 786, 788, 789, 284 Pac. 436; *Berthoud v. McCune*, 130 Kan. 634, 287 Pac. 904; *Burnworth v. Fellerman*, 131 Kan. 186, 289 Pac. 433; *Brann v. Hall*, 141 Kan. 749, 43 P. 2d 229; *Cress v. Hamnett*, 144 Kan. 128, 58 P. 2d 61; *Jonas v. Jones*, 153 Kan. 108, 109 P. 2d 211.

See, also, 1 Bartlett's Kansas Probate Law and Practice, p. 407. So far as it pertains to definite failure of issue these authorities accord with section 4 of the property act of 1939, now G. S. 1943 Supp. 58-504.

Appellant cites and relies strongly upon *Allen v. Pedder*, 119 Kan. 773, 241 Pac. 696, and *Woodley v. Howse*, 133 Kan. 639, 3 P.

2d 475. While some other considerations controlled the decisions in those cases, insofar as they were based upon the view that the will under consideration did not fix a definite time when failure of issue was to be determined they are not in harmony with the other decisions of this state and are disapproved.

We find no error in the record. The judgment of the trial court is affirmed.