No. 36,438

EMMA MOREHEAD (also known as Emma G. Morehead), *Appellee,*
v. HERMAN GOELLERT, OTTO H. GOELLERT and ESTHER SEWELL,
*Appellants.*

(164 P. 2d 110)

Opinion filed
December 8, 1945.

*Edward Rooney,* of Topeka, and *E. H. Benson,* of Colby, were on the briefs
for the appellants.

*E. F. Beckner, Leon N. Roulier,* both of Colby, *Robert Stone, James A.
McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of
Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to quiet title to real estate. The
controversy centers on the proper construction of a devise in a will.
The plaintiff contended that the devise gave her a fee tail estate
which by subsequent conveyance and a reconveyance to her had
ripened into a fee simple title. Certain defendants contended that
the devise gave her a life estate only. The plaintiff prevailed and
the defendants appealed.

Imkea Goellert Handevidt, a resident of Thomas county, died
testate on December 16, 1936. Her will, which was executed on
March 1, 1935, contained numerous bequests and devises, mostly
to her sons, daughters and grandchildren. Paragraphs fourth and
fifth of the will have heretofore been before us for construction, but
the issues in that case have little, if any, bearing upon those here
presented. However, the opinion in the former case (*Alexander v.*

*Goellert,* 153 Kan. 202, 109 P. 2d 146) contains a preliminary narration of facts and circumstances that would be pertinent here but need not be repeated.

The provision of the will here at issue is paragraph sixth, which reads as follows:

"I give, devise and bequeath to my daughter, Emma Morehead, a Life Estate in and to my residence property, more specifically described as lots 16, 17 and 18 in block 74, in the First or West Addition to the City of Colby, Kansas, and upon her death to descend to her issue if any there be; but if there be no issue, then to descend to my children Herman Goellert, Otto H. Goellert, Ida Hand and Esther Sewell, share and share alike."

The action to quiet title was brought by Emma Morehead, the devisee named in paragraph sixth. Certain defendants, Herman Goellert, Otto H. Goellert and Esther Sewell, who were among those also named in paragraph sixth, filed an answer and cross petition. The plaintiff filed a reply denying all allegations of the answer inconsistent with those of her petition.

The pertinent facts are not in dispute and allegations of the pleadings need not be set out in full. At the time of the action Emma Morehead was a married woman more than forty-five years of age. No issue had been born to her. Sometime prior to bringing the action, and on March 13, 1945, she and her husband J. L. Morehead, had executed a warranty deed conveying the real estate described in paragraph sixth to one Ella Anderson, and about six months thereafter—which was also prior to the institution of this action—Ella Anderson, a single person, had conveyed the real estate back to Emma Morehead. The purpose and intent of such conveyance to Ella Anderson was to cut off the entailment if the devise to Emma Morehead constituted a fee tail estate. Appellants concede that such conveyance did have that effect and that by the reconveyance to her appellee did become the holder of a fee simple title, if by the devise she was vested with a fee tail estate. Appellants contend that the devise gave Emma Morehead a life estate only.

It should first be noted that the instant will became effective prior to the enactment in 1939 of the statute abolishing estates tail as to future instruments (G. S. 1943 Supp., 58-502). Prior to that statute such estates were recognized in this state and no contention otherwise is here made.

There is no disagreement here as to the general definition of a fee tail estate. "Estates tail are estates of inheritance which, in-

stead of descending to heirs generally, go to the heirs of the donee's body, which means his lawful issue, his children, and through them to his grandchildren in a direct line, so long as his posterity endures in a regular order and course of descent, and on the extinction of such issue the estate determines" (31 C. J. S. 35). "An estate tail or fee tail is commonly defined as an estate in which lands and tenements are given to one and the heirs of his body begotten. It is an estate of inheritance which is to pass by lineal descent" (19 Am. Jur. 507). Although such words as "heirs of the body" or "issue" are most frequently used to create a fee tail estate, it is now generally held that other expressions are sufficient if they clearly indicate an intention to give the devisee an estate of inheritance descendible only to his lineal heirs (19 Am. Jur. 513; 69 C. J. 492; 1 Tiffany, Real Property, 3d ed., 54).

The first part of the instant devise seems clearly to fall within the definition of an estate tail. It reads: "I give, devise and bequeath to my daughter, Emma Morehead, a life estate in and to my residence property . . . and *upon her death to descend to her issue if any there be.*" But the testatrix did not stop there. The devisee continues: *"but if there be no issue,* then to descend to my children Herman Goellert, Otto H. Goellert, Ida Hand and Esther Sewel, share and share alike." What is the effect of this latter provision upon the nature of the devise to Emma Morehead?

It is a well-recognized rule that if the devise provides for a gift over to take effect upon failure of issue, such contingency must be upon *"indefinite* failure" of issue rather than upon a *"definite* failure" of issue if an estate tail is to vest in the devisee. That is to say, the failure of issue upon which the gift or limitation over is to vest must be one which may occur at some indefinite time in the future. If the devise indicates a fixed time when the estate in the first taker is to terminate because of failure of issue, then no fee tail estate is created by the devise (31 C. J. S. 35; 10 R. C. L. 659; 19 Am. Jur. 515; *Burnworth v. Fellerman,* 131 Kan. 186, 289 Pac. 433). But what are the words or provisions which import a definite or an indefinite failure of issue? That is the question which immediately confronts us here.

Before considering the legal effect of the devise it is necessary first to determine the proper construction of the words used by the testatrix. What did she mean by the words: "if there be no issue"? We think there can be only one answer. She meant "if there be no

issue" of the devisee at the time of the devisee's death. The clause cannot be read apart from the words which immediately preceded it. The descent was to be to "her issue if any there be" "upon her death"; but "if there be no issue" then the gift over was to be to the other named children of the testatrix. It is true that the testatrix did not repeat the words "upon her death" after the words "if there be no issue," but such meaning is just as clear as though she had done so. The time fixed when the gift over to the children named might take effect was unmistakably the death of the devisee.

Where there is a limitation over to take effect upon the death or at the death of the first taker without issue, is the provision to be classed as one for "definite" or for "indefinite" failure of issue? At this point an essayist might well trace the development of the common law with fine distinctions often drawn between the words employed. This would involve a broad review of conflicting cases dealing with the question. We find no need for so extending the opinion in this case. Either view—one upholding the theory of "indefinite" and the other of "definite" failure of issue—could be supported by many decisions from other jurisdictions, and perhaps our own decisions from the beginning are not wholly harmonious. The cases, and particularly the older ones, are full of debates as to the significance and effect of slight divergences in various devises which have received judicial scrutiny. But we think that on this particular point our own cases now give unmistakable guidance. Particularly by our later decisions it has been made increasingly clear that a provision in a devise for a gift over to take effect at or upon the death of the first taker without issue fixes a *definite* as distinguished from an *indefinite* time for determining failure of issue as a contingency.

In *Berthoud v. McCune*, 130 Kan. 634, 287 Pac. 904, the devise was "to my granddaughter, Lottie Naylor . . . during the term of her natural life . . . and after the death of said Lottie Naylor . . . unto such of the issue of said Lottie Naylor as may be living at the time of her death, in equal proportions . . . in fee simple . . . But if said Lottie Naylor shall die leaving no living issue of her body, then and in that event . . . unto such of the half brothers and half sisters of the said Lottie Naylor as may be living at the time of her death" etc. It was held that the limitation over was upon "a *definite* failure of issue" (italics supplied) and that an estate tail was not created.

In *Burnworth v. Fellerman,* supra, the limitation over was "If said Nathana Corbin die without any child or children of her body surviving her, and without any grandchild . . . then and in that event said above-described land . . . shall be and become the absolute property of the children of my brother" etc. This was held to provide for a definite failure of issue, and no estate tail was created.

Although in *Woodley v. Howse,* 133 Kan. 639, 3 P. 2d 475, to which reference will later be made, the gift over was held to be upon "indefinite failure of issue" and the devise to be a fee tail, it was said in the opinion: "He (the grantor) may, of course, provide for the disposition of the property on an indefinite failure of issue, but if this is attempted on a *definite* failure, *such as at the time of the death of the devisee named or other fixed time,* the estate tail fails" (italics supplied).

In *Coleman v. Shoemaker,* 147 Kan. 689, 78 P. 2d 905, the devise was to the testator's wife for life and upon her death to the testator's daughter, Mamie Jordan Taylor for life and "at the death of the said Mamie Jordan Taylor . . . in fee simple, to the living issues of the body of the said Mamie Jordan Taylor, if any there be." In the event the daughter should not be living at the time of the death of the wife, the first taker, but should leave living issue, then the property was to "pass to said living issue" etc. Although there were other issues in the case one reason given for holding that no fee tail was created was that "the limitation over is upon a definite failure of issue. A time is definitely fixed for the possibility of such failure, viz., at the death of Mamie Jordan Taylor."

In *Jones v. Jones,* 153 Kan. 108, 109 P. 2d 211, the grant in a deed was "unto said Mary B. Jones for and during her natural life and in fee to the issue of her body living at her death and their heirs and assigns." It was held that a fee tail estate was not created, one reason given being that "the limitation over is upon a definite failure of issue . . . namely, at the death of Mary B. Jones."

A very recent case is *Delp v. George,* 158 Kan. 774, 150 P. 2d 334. The devise was to the testator's daughter Lilian B. George "during her natural lifetime" and upon her death "to be divided among the children" of said daughter. "But in the event that the said Lilian B. George dies without issue of the body" then the property "shall descend to be divided among my other children." In further

language the testator repeated substantially the same provisions in order to make his intentions clear. The question argued upon the appeal was whether the will provided for a gift over upon definite or indefinite failure of issue of the daughter. It was held that the provision fixed a definite time for failure of issue and that the devise did not create an estate tail.

Appellee relies almost entirely upon *Gardner v. Anderson, Trustee,* 114 Kan. 778, 227 Pac. 743, a case which has been much discussed. In that case the devise was to the testator's daughter "Georgia Gardner . . . for the length of her lifetime only" and if she marry and have issue the property to "descend to them equally . . . In the event of no issue, then at her death, all my property shall revert to the Gardner estate." It was held that an estate tail vested in the daughter and there is language in the opinion which supports appellee's contention here. However, it should be noted that the decision in the case was based in part at least upon the view that an "estate . . . is not a person or entity which can take under a will" and that therefore the provision in the devise for reversion "to the Gardner estate" in case of failure of issue of Georgia Gardner was void and that this would, under the facts of the case, leave Georgia Gardner with the fee simple title even though she be regarded in the first instance as a life tenant only instead of a holder of a fee tail estate.

Moreover, the Gardner case has a further history which must be noted. It was cited, as controlling, in the later case of *Allen v. Pedder,* 119 Kan. 773, 241 Pac. 696, in which a quite similar devise was construed. The devise in that case was: "to my adopted son, Joseph Pedder . . . for and during his natural life and after his death . . . to his children of his own blood . . . Should my adopted son . . . die without children of his own blood born in lawful wedlock then . . . to my great nephew." These provisions were held—following *Gardner v. Anderson, Trustee,* supra— to import "indefinite" failure of issue. But in *Delp v. George,* supra, it was said:

"Appellant cites and relies strongly upon *Allen v. Pedder,* 119 Kan. 773, 241 Pac. 696, and *Woodley v. Howse,* 133 Kan. 639, 3 P. 2d 475. While some other considerations controlled the decisions in those cases, insofar as they were based upon the view that the will under consideration did not fix a definite time when failure of issue was to be determined they are not in harmony with the other decisions of this state and are disapproved."

Thus, in the Delp case this court disapproved the holding as to an "indefinite failure of issue" in *Allen v. Pedder,* supra, in *Woodley v. Howse,* supra, and by necessary inference, in *Gardner v. Anderson,* supra. The devise in *Woodley v. Howse* was similar to that in *Allen v. Pedder,* being "to my daughter, Iola Ross . . . for the term of her natural life" and at her death "to . . . whatever child or children may hereafter be born to her in lawful wedlock, and the descendants of said child or children per stirpes; and if my said daughter, Iola Ross, shall die without leaving a child . . . or the descendants of any such child . . . then . . . at her death . . . to and be owned by my brothers, or their heirs."

Appellee contends that the holdings of the Pedder and Howse cases were disapproved in *Delp v. George,* supra, for the reason that in those cases the terms "child" or "children" were held to be words of limitation rather than words of purchase. The opinion gives no support to that contention. The decision did not turn upon the use of the word "children" instead of the word "issue." The clear holding of the Delp case, with its disapproval of what had been said in the two cases named, related to "definite" as distinguished from "indefinite" failure of issue under the various devises examined. Moreover, as hereinbefore noted, it is generally held that any words clearly indicating descent in lineal line only are sufficient to create an estate tail. Words which are ordinarily words of purchase may, by context, be construed as words of limitation.

The conclusion that an estate tail was not created by the instant devise is further and strongly fortified by the presumption that a *definite* failure of issue is contemplated where the remaindermen named to take upon failure of issue are persons then living, as in this case. (1 Tiffany, Real Property, 3d ed., 63; 2 Underhill on the Law of Wills, 1278, ¶ 850; *Mebus Estate,* 273 Pa. 505, 117 Atl. 340, 343.) It is also pertinent to say that text writers note that the modern tendency in cases of doubtful import, is to construe a failure of issue referred to in a devise as one occurring at the death of the first taker rather than at some indefinite time in the future. (69 C. J. 301 *et seq;* 1 Tiffany, Real Property, 3d ed., 61, 62 and note 2 p. 62.)

The devise contained in paragraph sixth did not create an estate in fee tail. It gave to Emma Morehead a life estate only, and to Herman Goellert, Otto H. Goellert, Ida Hand and Esther Sewell, the persons named in the gift or limitation over, a contingent re-

mainder to vest only upon the death of Emma Morehead without leaving issue. Any issues that might possibly arise in case Emma Morehead dies leaving issue were not presented and are, of course, not here determined.

The judgment is reversed with directions to enter judgment in harmony with this opinion.

PARKER, J., not participating.