No. 36,523

ALMA BALLANCE et al., *Appellants*, v. ELNORA GARNER, *Appellee*.

(168 P. 2d 533)

Opinion filed May 4, 1946.

*I. F. Bradley, Jr.,* of Kansas City, argued the cause, and *T. W. Bell,* of Leavenworth, was on the briefs for the appellants.

*William H. McCamish,* of Kansas City, argued the cause, and *Paul H. Jenree,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding in probate court to construe a devise of real estate. The probate court determined Elnora Garner was entitled to the real estate described. On appeal the district court gave judgment to the same effect. Certain interested parties have appealed.

The matter arises out of the will of Allen Garner, Sr. He left surviving him his widow and ten children. His will disposed of real and personal property. We are concerned with a portion of a sixty-acre tract of real property. The provisions of the will with which we are concerned are as follows:

"3rd. I do hereby give, devise and bequeath to my beloved wife, Anna Garner, during her life, all of the personal property of every kind and character whatsoever remaining at my death and all real estate, belongings, and all property be the same real, personal or mixed, to her during her life, and that on her demise all of the personal property then remaining to be divided equally, share and share alike, among my ten children; and that the real

estate of which I am now seized, being the 60 acres off of the west side of the following described real estate, to wit: [Here was inserted a description which does not interest us here.]

"And that after the death of my said wife it is my wish and desire that my said described real estate be divided as follows, to wit:

"That I give, devise and bequeath unto my daughter, Lenora Garner, the following described property, to wit: [Here follows description of six acres to the daughter, and a six acre tract to each of the other nine children, in identical language, excepting description, including that of Allen Garner, Jr., which is in controversy here. Omitted because descriptions are not necessary to determine this controversy.]

"That during the life of my said wife, Anna Garner, she to have possession of all of said real estate, and all my personal property, and that on her death the said described real estate to go to my said children as herein named and in the way herein described; and that whatever there be remaining of my personal property on the decease of my said wife, and that said personal property after all debts are paid, shall go share and share alike to each of my ten children. In case that any of my said children die and leave children, then the share of said child so dying shall go share and share alike to each of the surviving children of said child. And in the event that any of my said children shall die without issue, then and in such event, the portion *alotted* herein shall be divided in equal shares among my surviving children.

"I hereby appoint as executors of this my last will and testament, Allen Garner and James Garner.

"The above named persons are the only ones whom I wish to inherit any of my property unless by their death they leave heirs by their body, then and in such event, I wish said heirs of the body to inherit the share of its ancestor.

"The above devises and bequests are intended to dispose of not only the property herein described, but also to dispose in the manner herein indicated of all real and personal property of any description whatever which I may possess at the time of my death."

The will provided that at the death of the wife the sixty-acre tract should be divided into ten equal parcels of six acres each and that each parcel should go to a definite named son or daughter.

Allen Garner, Sr., died January 20, 1906. He was survived by his wife, Anna, and their ten children. On February 6, 1906, the widow elected to take under the will, which gave her a life estate in all the property of her husband. Anna died in 1920. Upon her death the surviving children or their heirs entered into possession of their respective parcels of the real estate as devisees under the will and they or their heirs had been in possession of their respective devises up to the time of the trial and had made

improvements thereon. Allen Garner, Jr., was one of these children. In 1941 he, together with appellants, except one, platted their respective shares of the sixty-acre tract and caused a plat to be filed in the office of the register of deeds. Allen Garner, Jr., died intestate on January 3, 1943. He was not survived by any bodily issue, but was survived by his widow, Elnora, who brought this action. In her petition to determine descent of real estate she set out the facts about as they have been detailed here and asked that the real estate in question be assigned to the persons entitled to it. There seems to be some question about whether all the interested parties received notice of the hearing on this petition. At any rate, a hearing was had and Elnora was found to be the sole heir of Allen Garner, Jr., and the six acres devised to him was assigned to her.

Seven of the brothers and sisters of Allen appealed to the district court. There pursuant to an order of the court they filed a petition in which they set out facts about as they have been given here and in addition alleged that Elnora was not an heir of Allen Garner, Sr., was not the sole heir of Allen Garner, Jr., and was not entitled to have the real estate in question assigned to her.

Elnora answered admitting most of the facts pleaded in the petition but denying that any of the appellants inherited any interest in any property owned by Allen Garner, Jr., or that they ever received any interest contingent or otherwise in the devise to Allen, Jr., set forth in the will of his father. The answer further alleged that she did not claim as an heir or devisee of Allen Garner, Sr., but claimed as the sole heir of Allen Garner, Jr.

The parties stipulated the facts to be as they have already been given here.

The trial court found the facts as stipulated and concluded as a matter of law that "the devise by Allen Garner, Sr., by his will to Allen Garner (Jr.), was and is an indefeasible, vested remainder in fee simple absolute, and was not divested in favor of appellants, by any subsequent terms of said will, nor by the death of Allen Garner (Jr.), without issue of his body, which death occurred after the deaths of both the testator and the life tenant." Judgment was entered accordingly. This appeal followed.

The appellants point out that Allen Garner, Jr., died without issue. They argue the will created an estate tail so that when he

died without issue the devise of real estate to him failed and it descended according to the law of descents and distribution.

Appellants cite and in a large measure rely on what was said in *Gardner v. Anderson, Trustee,* 114 Kan. 778, 227 Pac. 743, also the same case on rehearing, 116 Kan. 431; see, also, *Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 1131; also *Allen v. Pedder,* 119 Kan. 773, 241 Pac. 696. Those opinions have been discredited in a large measure on the point with which we are concerned.

We must consider and decide every case on the facts of that particular case. Here fortunately there is no dispute about the facts.

The will provided first for the life estate to the widow. There is no dispute about that. She enjoyed the life estate until her death in 1920.

The will then provided—

"I give, devise and bequeath unto my son Allen Garner, [Jr.] (the six acres described) . . . In case that any of my children die and leave children then the share of said child so dying shall go share and share alike to each of the surviving children of said child. And in the event that any of my said children shall die without issue, then and in such event, the portion *alotted* herein shall be divided in equal shares among my surviving children."

Definitions of estates tail may be found approved in *Morehead v. Goellert,* 160 Kan. 598, 164 P. 2d 110. There we said:

"There is no disagreement here as to the general definition of a fee tail estate. 'Estates tail are estates of inheritance which, instead of descending to heirs generally, go to the heirs of the donee's body, which means his lawful issue, his children, and through them to his grandchildren in a direct line, so long as his posterity endures in a regular order and course of descent, and on the extinction of such issue the estate determines' (31 C. J. S. 35). 'An estate tail or fee tail is commonly defined as an estate in which lands and tenements are given to one and the heirs of his body begotten. It is an estate of inheritance which is to pass by lineal descent' (19 Am. Jur. 507). Although such words as 'heirs of the body' or 'issue' are most frequently used to create a fee tail estate, it is now generally held that other expressions are sufficient if they clearly indicate an intention to give the devisee an estate of inheritance descendible only to his lineal heirs (19 Am. Jur. 513; 69 C. J. 492; 1 Tiffany, Real Property, 3d ed., 54)." (p. 599.)

In view of these descriptions—Did this will create an estate tail in Allen Garner, Jr.? In *Morehead v. Goellert,* supra, we said:

"It is a well-recognized rule that if the devise provides for a gift over to take effect upon failure of issue, such contingency must be upon *'indefinite* failure' of issue rather than upon a *'definite* failure' of issue if an estate tail

is to vest in the devisee. That is to say, the failure of issue upon which the gift or limitation over is to vest must be one which may occur at some indefinite time in the future. If the devise indicates a fixed time when the estate in the first taker is to terminate because of failure of issue, then no fee tail estate is created by the devise (31 C. J. S. 35; 10 R. C. L. 659; 19 Am. Jur. 515; Burnworth v. Fellerman, 131 Kan. 186, 289 Pac. 433). But what are the words or provisions which import a definite or an indefinite failure of issue? That is the question which immediately confronts us here."

Did this will provide for a fixed time when the estate in Allen Garner was to terminate?

The will in *Morehead v. Goellert,* supra, used the words "and upon her death to descend to her issue if any there be; but if there be no issue then to descend to my children."

We held such language provided for a definite failure of issue and did not create an estate tail.

To the same effect is our holding in *Berthoud v. McCune,* 130 Kan. 634, 287 Pac. 904. See, also *Burnworth v. Fellerman,* 131 Kan. 186, 289 Pac. 433; *Coleman v. Shoemaker,* 147 Kan. 689, 78 P. 2d 905; *Jonas v. Jones,* 153 Kan. 108, 109 P. 2d 211, and *Delp v. George,* 158 Kan. 774, 150 P. 2d 334.

We very seldom find two wills exactly alike. The language used in the will we are considering, however, is to the same general effect as that in the cases cited. It provided for a definite failure of issue and did not create an estate tail in Allen Garner, Jr.

There is a further reason why this judgment should be affirmed. The provision in the will as to the disposition of the tract in question in case of the death of Allen Garner, Jr., without heirs clearly referred to his death before the death of the testator. On the death of the testator he took a vested remainder. That is to say he was not entitled to possession of the tract until the death of the life tenant but this postponement was as to possession only, his title vested in him on the death of the testator. See *Epperson v. Bennett,* ante, p. 298, 167 P. 2d 606, and authorities cited and discussed. Hence on the death of Allen Garner, Jr., the tract in question passed to his widow, appellee here.

The judgment of the trial court is affirmed.

WEDELL, J., concurs in the result.