By the Court: It is so ordered.

All the Justices concurring.

---

The Ord National Bank v. P. J. Massey, *as Special Constable.*

Chattel Mortgage — *Record in Another State.* The constructive notice imparted by the registration of a chattel mortgage in the county and state where executed is not confined to that county and state, but protects the interests of the mortgagee, when the property is removed by the mortgagor to another state, by the law of comity between states. (*Handley v. Harris,* ante, p. 606, cited and followed.)

*Error from Wichita District Court.*

The opinion states the case.

*A. P. Barker,* and *Harwood, Ames & Kelly,* for plaintiff in error.

*C. H. Coan,* for defendant in error.

Opinion by Simpson, C.: The material facts are that on the 23d day of April, 1888, one George W. Hale, then a resident of Garfield county, Nebraska, executed to one J. S. Beauchamp, to secure the payment of a promissory note for $400, a chattel mortgage, describing the mortgaged property in these words: "One dapple-gray stallion, five years old, worth $400; twelve head of Oregon mares, worth $600. The above-described chattels are now in my possession, are owned by me, and free from all incumbrances in all respects." This mortgage was duly filed for record, according to the laws

of the state of Nebraska, in the county in which the property was situate, and the note and chattel mortgage, subsequent to the record, were assigned to the plaintiff in error. Early in December of 1888, the property mortgaged was removed to Wichita county, in this state. On the 3d day of December, 1888, Hale executed a chattel mortgage to one Fred. L. Harris, to secure a note for $339.34, upon property described as follows: "One black mare eight years old, worth $125, one bay horse six years old, worth $100, one sorrel horse eight years old, worth $100, five yearling mares worth $250. The above-described chattels are now in my possession, are owned by me, are free from all incumbrances in all respects." The plaintiff in error became the owner of this mortgage. Both of these mortgages were filed February 22, 1889, in the office of the register of deeds of Wichita county, where Hale resided and kept the property. The horses and mares described in these chattel mortgages were taken possesion of by the defendant in error, as a special constable, to satisfy a judgment against Hale. The mortgagee demanded possession, and was refused, and this action in replevin was commenced on the 5th day of March, 1889. At the trial both the mortgages and notes were admitted in evidence, and proof was made that they had not been paid or discharged, and the property was identified as being that conveyed by the mortgages by the evidence of Hale, the mortgagor. Proof of demand on the special constable was also made. The defendant in error filed a demurrer to the evidence of the plaintiff in error, and this was sustained. The record fails to show at what time the special constable levied upon the mortgaged property.

Under this state of facts, we think the court erred in sustaining a demurrer to the evidence. Counsel for plaintiff in error say in their brief that the court below rested its ruling on the want of registration of the mortgages in Wichita county and the insufficiency of the description of the mortgaged property. The first reason assigned was not true as a matter of fact, and the second is not good as a matter of law. The record shows a registration of the mortgages in Wichita

county, but even if this is not so, this court has just decided, in the case of *Handley v. Harris*, ante, p. 606 —

"Where a mortgagor removes property from another state into this state, which has been incumbered by a mortgage duly recorded and valid under the laws of the former state, such removal does not invalidate the recording of such mortgage, or necessitate the recording of it again in the county in this state to which the mortgagor has removed with the property. The constructive notice imparted by the recording of such mortgage by the law of comity between the different states is not confined to the county or state where the mortgage was executed and the property then was, but covers the property wherever it is removed."

This effectually disposes of one of the alleged grounds of the ruling. The description of the mortgaged property was sufficient, under the repeated rulings of this court; and besides this, the plaintiff in error put the mortgagor on the witness stand, who identified the property in the possession of the constable as the specific property described in the mortgages. (*Mills v. Lumber Co.*, 26 Kas. 574; Jones, Ch. Mortg., § 64.)

The silence of the record of the date of the execution levy on the mortgaged property becomes immaterial, as the plaintiff in error was entitled to the possession of the mortgaged property at any time after condition broken. We recommend that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.