No. 32,375

M. R. BRANN, *Appellee*, v. ROY H. HALL, *Appellant*.

(43 P. 2d 229)

Opinion filed April 16, 1935.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling* and *Henry V. Gott*, all of Wichita, for the appellant.

*George B. Collins*, of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for a declaratory judgment to construe a will.

Prior to his death in 1925, one George R. Rathbun owned real estate in Ellsworth county. After his death his last will was duly admitted to probate in the probate court of that county. Under the terms of that will, to which detailed reference is hereafter made, the testator devised separate lands to each of his seven children. We are concerned with two of these devises. On June 10, 1929, the son and devisee H. R. Rathbun conveyed the real estate devised to him to M. M. Rathbun, who later on June 22, 1929, reconveyed it to H. R. Rathbun. Thereafter and on November 19, 1934, H. R. Rathbun and wife executed to the plaintiff an oil-and-gas lease covering a portion of the real estate. On January 10, 1935, plaintiff contracted to sell this lease to defendant, who refused to complete the transaction and to pay the purchase price for the lease on the ground that the title to the described real estate was not merchantable. In another cause of action similar allegations were made as to the lands devised to the son and devisee M. W. Rathbun. Both causes of action contained other appropriate allegations, including reference to the will of George R. Rathbun, a copy of which was attached, and the plaintiff prayed for a judgment construing the will particularly as to whether the devises created estates in fee tail, and if so, whether the subsequent conveyances by the devisees barred the entail. The trial court concluded that an estate in fee tail had been created by both devises, and the defendant appeals.

Substantially identical language was used by the testator in each devise and we will therefore notice only the devise to H. R. Rathbun:

"2. I hereby give and devise unto my son H. R. Rathbun a life estate only in and to all of section thirty-one, and the southwest quarter of section twenty, all in township sixteen, range eight west, and situate and being in Ellsworth county, state of Kansas, subject, however, to a charge upon said real estate, to be paid on the 1st day of January, each year, after my death of fifty cents an acre to be paid unto my wife, Mary J. Rathbun, so long as she shall live; after the date of the death of my said son H. R. Rathbun, I give and devise, unto the lawfully begotten issue of my said son H. R. Rathbun then living, all of the said real estate, to take share and share alike, and to their heirs and assigns forever; but this devise shall not take effect so as to vest the title in said issue until the youngest of such issue shall reach the age of twenty-one years; but should any of such issue of my son H. R. Rathbun die, before

the youngest of said issue shall reach the age of twenty-one years, leaving issue, such issue shall take the parents' shares."

In order to give an idea of the entire will, it may be remarked that there are six other devises like the above; that provision is made for death of the devisees without issue; for the appointment of trustees to act under certain circumstances, viz.: failure of devisees to pay the charge to the mother or the taxes on the real estate, or where the devisee dies and leaves issue not then twenty-one years of age.

In *Ewing v. Nesbitt*, 88 Kan. 708, 129 Pac. 1131, may be found a résumé of the history of estates tail. In that case it was held that estates tail exist in Kansas. In *Gardner v. Anderson, Trustee*, 116 Kan. 431, 227 Pac. 743, reference is made to efforts to abolish such estates in Kansas. In the last case an estate tail was defined as follows:

"An estate tail or fee tail is a freehold estate in which there is a fixed line of inheritable succession limited to the issue of the body of the grantee or devisee, and in which the regular and general succession of statutory heirs at law is cut off." (Syl. ¶ 3.)

See, also, *Allen v. Pedder*, 119 Kan. 773, 241 Pac. 696, where there is further discussion in the opinion and in the concurring opinion, both by Burch, J.

In *Woodley v. Howse*, 133 Kan. 639, 3 P. 2d 475, it was said:

"The essential and distinguishing earmarks which denote the creation of an estate tail are an interference with and curtailment of the statutory rules pertaining to the descent and distribution of real estate and a limitation of the right of inheritance to the issue of the body of the grantee or devisee." (p. 640.)

"Where the grantor has selected a line of inheritable succession for his property it must continue so long as posterity endures in a regular order and course of descent. He may, of course, provide for the disposition of the property on an indefinite failure of issue, but if this is attempted on a definite failure, such as at the time of the death of the devisee named or other fixed time, the estate tail fails." (p. 642.)

It is not necessary that other cases in which estates tail have been considered be discussed for, on the question of definition, they are in accord with the above.

Applying the definition to the case at bar, the following is disclosed. The devise, for our purposes, may be read:

"I hereby give and devise unto my son . . . a life estate only in . . .; after the death of my said son . . . I give and devise unto the lawfully

begotten issue of my said son . . . then living all of the said real estate to take share and share alike, *and to their heirs and assigns forever,"* etc. (Italics ours.)

The testator did, in part, select a fixed line of inheritable succession limited to the issue of the body of his devisee, but by express inclusion, he then provided that the heirs and assigns of the devisee were to take, and thus the regular and general succession of the statutory heirs at law was not cut off. Under the terms of the devise, the line of inheritable succession in the selected line could not continue so long as posterity endures in the regular course of descent, for the testator has provided otherwise, and for that reason no estate tail in the first taker was created. The result is that the devisees named as taking life estates took life estates and no more, the remainders going to the issue and the heirs and assigns of such issue of the respectively named devisees of the life estates. We are not now concerned with the interests of the remaindermen, for they are not parties to this action.

It having been shown that estates tail were not created, it is not necessary that we consider the question discussed in the briefs as to whether the limitation over on failure of issue is upon definite or indefinite failure.

The trial court erred in concluding that the two devises created estates tail and that therefore the title to the oil-and-gas leases is merchantable, and its judgment is reversed with instructions to render judgment in favor of the defendant.