No. 38,643

J. R. Smith, *Appellee*, v. The Federal Land Bank of Wichita, a
Corporation of Wichita, Kansas, *Appellant*.

(243 P. 2d 1027)

Opinion filed May 10, 1952.

*Edward H. Jamison*, of Wichita, argued the cause and *John H. Morse*, of Mound City, and *Robert C. Dow*, of Wichita, were with him on the briefs for the appellant.

*Harry C. Blaker*, of Pleasanton, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to quiet title to real estate. Judgment was for the plaintiff. Defendant has appealed.

The petition alleged plaintiff was the owner of a described quarter section, having acquired the title from Jesse and Opal Jarred; that they had obtained a fee tail estate from Sarah and Elias Jarred; that Jesse and his wife executed a purported mortgage to defendant and defendant acquired a sheriff's deed to the property on June 28, 1938, which purported to be issued as the result of a sheriff's sale on a foreclosure of the mortgage; that these mortgage proceedings were void in whole or in part for the reason that the mortgagor had no right or title by which he could mortgage or create a valid lien on the property.

The prayer was that the plaintiff's title be quieted.

The deed from Sarah and Elias to Jesse Jarred was attached as an exhibit. It was given on October 28, 1896. It, after the conveying clause and the description, contained the following clause:

". . . to have and to hold and/or sign away—his heirs is to be bodily heirs and to be his children or their children or brothers or sisters or their children."

This clause plaintiffs argue created a fee tail estate.

Defendant demurred to this petition on the ground it did not state facts sufficient to constitute a cause of action against defendant; that it showed on its face it was barred by the statute of limitations; that it failed to state facts showing the judgment in the foreclosure action was void and it constituted a collateral attack on a judgment valid on its face.

This demurrer was sustained on March 20, 1951, and plaintiff was given fifteen days to file an amended petition.

The amended petition made the same allegations about the deeds and the mortgage foreclosure. In addition it alleged there was an actual controversy between the parties as to their respective rights in the land. These contentions were set out in the following paragraphs:

"It is the contention of the plaintiff that the conveyance aforementioned to Jesse Leland Jarred, plaintiff's grantor, from Sarah Jarred and Elias Jarred, set forth in this petition as 'Exhibit A', conveyed to said Jesse Leland Jarred a fee tail estate, only, in said property, and that by his mortgage and the subsequent sheriff's deed to the defendant it obtained only a life estate in said property during the life time of said Jesse Leland Jarred. That by the deed of conveyance from said Jesse Leland Jarred to this plaintiff aforementioned, he broke the entailment on said property and that plaintiff has the legal title to said property subject only to the life estate of the said Jarred, which said life estate only is now vested in the defendant.

"It is the contention of the defendant that the mortgage from said Jarred and the sheriff's deed issued as the result of the foreclosure thereof vests in it a fee simple title to said property and that the subsequent conveyance to the plaintiff conveys nothing."

The prayer of this amended petition was for a declaratory judgment determining the respective rights of the parties.

The defendant filed a motion to strike this amended petition from the files on the ground that it was a departure from the relief originally prayed for in the petition, and that portion of the petition quoted here already was surplusage.

Defendant also demurred to this amended petition on the grounds that it failed to state a cause of action; that it showed on its face it was barred by the statute of limitations; that the court was without jurisdiction to render a declaratory judgment as to disputed questions of law in a pending action; and that it constituted a collateral attack on a judgment valid on its face. This demurrer was overruled.

Defendant's answer first objected to the introduction of any evidence in support of the amended petition because there was a cause

of action pending between the parties for which one of the legal remedies was available, and an action for a declaratory judgment could not be maintained. The answer then contained a general denial. The answer admitted plaintiff was named as grantee in a deed for the land in question executed on November 18, 1950; the deed to Jesse Jarred; the mortgage to the defendant; the foreclosure sale and sheriff's deed, but denied that the deed conveyed a fee tail estate or that the sheriff's deed conveyed an estate to defendant less than a fee simple and denied that any title or interest in the property was conveyed by the deed from Jesse Jarred and wife to the plaintiff. The answer then alleged that on November 23, 1924, Jesse Jarred was the owner in fee simple of the property and he and his wife, on that date, mortgaged it to defendants; that the mortgage became in default about April 25, 1938; that a foreclosure action was had on June 28, 1938; judgment was rendered against the mortgagors and the property was sold in satisfaction of the judgment; that the mortgagee alleged in the foreclosure action that Jesse Jarred and Opal Jarred owned the property in fee simple and that allegation was found by the court to be true. The answer further alleged the property was sold by the sheriff to defendant on August 15, 1938; the sale was confirmed by the court; a certificate of purchase was issued; and on March 1, 1940, a sheriff's deed was delivered to defendant duly recorded and ever since the execution of this deed the defendant had been and still was the owner in fee simple of the land in question; that the action was brought by a person claiming under an execution debtor and since more than five years had elapsed since the recording of the sheriff's deed the action was barred; that in order to prevail in the action the plaintiff must allege and prove that the judgment and sheriff's deed was void on the face of the record and if any infirmity existed it did not appear on the face of the record; that the action was a collateral attack on the judgment in the foreclosure case; that the defendant was at the time suit was begun the owner in fee simple of the property. The answer next alleged that on March 20, 1951, the court sustained defendant's demurrer to the original petition; no appeal was taken and no additional allegations were incorporated in the amended petition and all the issues raised in the amended petition were res judicata; that about November 18, 1950, the plaintiff secured a pretended warranty deed from Jesse and Opal Jarred for the property in question; that this deed was executed many years subsequent to the

foreclosure of the mortgage of defendant; the plaintiff was charged with notice of the mortgage and all proceedings connected with its foreclosure; that plaintiff and his grantors were in privity with each other and plaintiff was estopped to deny fee simple title in defendant or to assert any title to the property.

The prayer was that plaintiff take nothing by his action and the title of defendant to the property be quieted.

The plaintiff filed a motion for judgment on the pleadings on the ground that the answer admitted all the facts as pleaded in the petition, and merely set out some legal proposition.

Defendant filed a motion for judgment on the pleadings on the ground (1) that all the allegations of the petition were determinable under the allegations of the original petition, to which a demurrer had been sustained, and no proper amendment filed; (2) that in the foreclosure action the trial court found that Jesse Jarred was the fee simple owner of the property and since more than five years had passed since the execution and recording of the sheriff's deed the plaintiff claiming under the execution debtor was barred by the statute; (3) that no infirmity appeared on the face of the record in the foreclosure proceedings and all matters at issue in this action were finally adjudicated in that action and were *res judicata;* and (4) that the deed to plaintiff's purported grantor conveyed a fee simple title to him, which title was at the time of filing the action owned by defendant.

The parties stipulated that the files in the foreclosure action be made a part of the record.

The trial court sustained the motion of the plaintiff and found that the conveyance to Jesse Jarred, plaintiff's grantor, from Sarah and Elias Jarred, set forth in plaintiff's petition as "Exhibit A" conveyed to said Jesse Leland Jarred a fee tail estate, only, in the property and that by his mortgage and the subsequent sheriff's deed to the defendant it obtained only a life estate in it during the lifetime of Jesse; that by the deed and conveyance from Jessee to this plaintiff, he broke the entailment on it and that plaintiff had the legal title to it subject only to the life estate of Jarred, which life estate only is now vested in the defendant.

The defendant has appealed. It will be noted the court held the deed to Jesse Jarred from Sarah and Elias Jarred on October 28, 1896, conveyed only a fee tail estate; that defendant by the sheriff's deed obtained only a life estate in the property during the life of

Jesse Jarred; that by the deed from Jesse to plaintiff he broke the entailment and legal title to the property was in plaintiff subject only to the estate of Jarred and that defendant had only the life estate.

Defendant argues first that the declaratory judgment act may not be invoked to determine a question of law arising in a pending action between the same parties; next that plaintiff's cause of action was barred by the statute of limitations. On account of the disposition we have concluded to make of this appeal we will not consider those two arguments.

We will consider defendant's argument that at the time the plaintiff received his deed his grantors owned no interest in the property and consequently none was conveyed. Defendant bases this on two propositions (1) that the deed to Jesse Jarred did not convey a fee tail estate; (2) that after the mortgage was foreclosed Jesse had no interest whatever in the property to convey.

We have concluded to base our decision on the first proposition— Did the conveyance from Sarah and Elias to Jesse on October 28, 1896, create a fee tail estate?

After the descriptive words in the conveyance the scrivener inserted the following:

". . . to have and to hold and/or sign away—his heirs is to be bodily heirs and to be his children or their children or brothers or sisters or their children."

Did these words create an estate tail? We have defined a fee tail estate as follows:

" 'What is an estate tail? An estate tail or fee tail is a freehold estate in which there is a fixed line of inheritable succession limited to the issue of the body of the grantee or devisee, and in which the regular and general succession of heirs at law is cut off.' "

(See *Gardner v. Anderson,* 116 Kan. 431, 227 Pac. 743.) We have held there must be definiteness about the words used. Thus in *Howe v. Howe,* 94 Kan. 67, 145 Pac. 873, the words used were "Their blood heirs and assigns." We held in effect that since others than the bodily heirs of the grantors were included, the deed created a fee simple estate. We said:

"The very indefiniteness and generality of the term is such that the grantor could not have intended it to designate and describe certain persons who were to take as present purchasers under the deed. It merely designated a class of heirs who were to take by inheritance from the named grantees, and consequently was a word of limitation only. Ira E. Howe bore within himself during

his lifetime all his heirs of every class. When he became seized, the inheritance limited to his blood heirs vested in him and he took a fee simple and not a life estate. While the grantor could create estates in the land he could not abrogate the statute of descents and distributions.

" 'In creating an estate of inheritance, other than as an estate tail, the inheritance cannot be restricted to a particular class of heirs. Thus an estate to one and his "heirs male," or "heirs female," would be recorded as a fee simple, the limitation to the particular class of heirs being regarded as surplusage.' ( 1 Washburn on Real Property, 6th ed., 163.)"

Here we find first the regular words used in every conveyance: "to have and to hold." We are impressed with the next words "and/or sign away." We cannot ignore this clause. It must have been in the conveyance for some purpose. As a matter of fact, the grantee did just what this clause gave him authority to do. When he executed the mortgage he signed it away. An important feature of an estate in fee simple is the right and power to convey the land in question.

In *Wood River Oil & Refining Co. v. Madden*, 169 Kan. 633, 220 P. 2d 154, the deed attempted to provide that the property should go to the heirs of the body of the first taker to be held by them for twenty years, after which they were to own the property in fee simple. We held the conveyance did not create an estate in fee tail. We said:

"Fee tail estates were recognized in Kansas prior to 1939 when our legislature saw fit to abolish them. (G. S. 1947 Supp. 58-502.) For the purpose of clarity it may be said that in an instrument which became operative prior to the enactment of the mentioned statute, unless it clearly appears that an estate tail is intended, the construction will be otherwise."

Note in that case we said "unless it clearly appears that an estate tail is intended, the construction will be otherwise." Here it does not clearly appear that an estate tail was intended. Rather it clearly appears otherwise for two reasons—one is the grantee was given the power to "sign away" his title; second the limitation merely designates a class of heirs who were to take by inheritance, that is, his children, his grandchildren or brothers or sisters or nieces or nephews. In *Howe v. Howe*, supra, we held such words were words of limitation only. (See, also, *Morehead v. Goellert*, 160 Kan. 598, 164 P. 2d 110.)

The judgment of the trial court is reversed with directions to enter judgment for the defendant.

THIELE, J., concurs in the result.

HARVEY, C. J., concurs in the result for the following reasons: (1) The deed to Jesse Jarred of October 28, 1896, did not create in him an estate in fee tail under the common law. (2) All rights Jesse Jarred acquired by that deed passed by the sheriff's deed in the foreclosure action. Thereafter he had nothing to convey to plaintiff. (3) If the deed of October 28, 1896, vested an estate in fee tail in Jesse Jarred the same was cut off by his deed to plaintiff and no longer exists. (4) The holding of this court in *Ewing v. Nesbitt*, 88 Kan. 708, 129 Pac. 1131, that the common law doctrine of estates tail "still exists in this state," and the language of the opinion (page 716), ". . . such estates are not out of harmony with the conditions and wants of the people of Kansas," should be specifically disapproved by this court as soon as possible, since our experience with that doctrine has been to the contrary. Perhaps this is not a good case to enlarge upon that view.

WERTZ, J., joins in the foregoing concurring opinion.