No. 42,180

GEORGE R. BAUER, JR., JOHN R. BAUER, and THOMAS W. BAUER, *Appellees*, v. GEORGE G. BAUER, *Appellants*.

(360 P. 2d 852)

Opinion filed April 8, 1961.

*Karl V. Shawver* and *Karl V. Shawver, Jr.*, both of Paola, were on the briefs for the appellant.

*Oliver D. Rinehart* and *William D. Bright*, both of Paola, were on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a declaratory judgment action from the trial court's judgment that George G. Bauer took only a life estate and did not take an estate tail which could be broken by conveyance and that any conveyance he made thereof would only convey his life estate.

The signatures of Anton Bauer and Helena Bauer, his wife, affixed to a deed dated March 1, 1917, naming their son, George G., as grantee, were acknowledged on May 17, 1917, and on May 29, 1917, the deed was filed for record. The deed in the indenture clause provided,

"THIS INDENTURE, made this 1st day of March, A. D. 1917, between Anton Bauer and Helena Bauer, his wife, of Miami County, in the State of Kansas, of the first part, and George G. Bauer and his bodily heirs, of Miami County, Kansas, of the second part."

In the granting clause the deed provided:

"This property is deeded to George G. Bauer and his bodily heirs with the express condition that he is to have it during his life time and from then on it is to go to his bodily heirs, and further this property cannot be mortgaged, sold or pledged in any way by the said George G. Bauer or his *bodily heirs, meaning by bodily heirs the generation of children following George G. Bauer, his children.*" (Our emphasis.)

George G. Bauer and Marie, his wife, had entered into a contract to sell the real property in question to third parties. If the above provisions in the deed created a fee tail, a transfer of title to a third party would convey a fee simple title to the grantee, but if a life estate was created, then only a life estate could be conveyed to a grantee of George G. and Marie.

George G. and Marie had five children and three of them, the sons, plaintiffs-appellees, instituted this declaratory judgment action against their father, mother, and two sisters.

The above facts were stipulated by the parties and, in addition, it was finally stipulated that an actual controversy exists and an adjudication is necessary at this time in order to avoid extensive litigation or disastrous results. George G. is apparently the only defendant who appealed.

Did the deed convey a fee tail estate or a life estate?

Since the facts are documentary and stipulated, this court on appeal has as good an opportunity to determine what is shown by those facts as does the trial court. (*City of Wichita v. Boles*, 156 Kan. 619, 621, 135 P. 2d 542.)

George G. relies on *Wright v. Jenks*, 124 Kan. 604, 261 Pac. 840. Careful examination discloses that although the usual common law phrase, or the most appropriate language to be used in creating an estate tail is, "A devises to B and the heirs of his body," (Bartlett Kansas Probate Law and Practice, rev. ed., § 475) this court in the Wright case upheld an instrument as establishing a fee tail estate when a variation of the accepted language was used. The first paragraph of the syllabus reads:

"Where a testator devised a life estate in land to her husband, and devised the remainder in favor of her son and daughter 'and to their children of their bodies after them,' such remainder constituted an estate tail in each of testator's children; and a quitclaim conveyance by the son (while the property was in the exclusive possession of the life tenant) vested in the grantee and his successors in title the interest devised to the son by his mother's will."

The deed in our present case is obviously distinguishable from the will in the Wright case but to make this perfectly clear, we point out that in the present deed the words of limitation "bodily heirs," which tend to establish a fee tail estate, are followed by words of purchase, "meaning by bodily heirs the generation of children following George G. Bauer, his children." Such words establish a life estate in the first taker with a fee simple title in the remainderman

at the termination of the life estate. (*Bennett v. Humphreys,* 159 Kan. 416, 155 P. 2d 431.) In the Wright case the word of purchase "children," was used but it was followed and modified by the words of limitation, "of their bodies" and the court could, therefore, arrive at no other conclusion than it did—that a fee tail estate was created.

Reading again the revealing discussion of estates tail in Kansas prior to 1913 to be found in *Ewing v. Nesbitt,* 88 Kan. 708, 129 Pac. 1131, reminds us anew that the various forms of the phrase— "bodily heirs," "heirs of the body," or "issue"—are to be used with care because deviation therefrom or use of other terms can defeat the intent of the settlor of an estate in tail and create instead a life estate with a fee in the remainderman. In connection with the above see, also, *Bryant v. Flanner,* 99 Kan. 472, 162 Pac. 280; *Schwarz v. Rabe,* 129 Kan. 430, 283 Pac. 642; *Brann v. Hall,* 141 Kan. 749, 43 P. 2d 229; *Meyer v. Meyer,* 149 Kan. 23, 86 P. 2d 493; 2 Hatcher's Kansas Digest, rev. ed., Deeds, § 46, p. 353, and Estates, § 10, p. 508, to § 13, p. 509; 5 Hatcher's Kansas Digest, rev. ed., Wills, § 137, p. 502; 4A West's Kansas Digest § 1, et seq., pp. 620, 621.

In *Wood River Oil & Refining Co. v. Madden,* 169 Kan. 633, 220 P. 2d 154, a husband made a devise to his wife for life with a remainder to the children of his body, with the right to hold the same or dispose thereof in any manner they wished and it was held a life estate with a vested remainder was thereby created and not a fee tail.

Similarly a deed conveying real estate in *Smith v. Federal Land Bank of Wichita,* 173 Kan. 90, 243 P. 2d 1027, contained these words:

". . . to have and to hold and/or sign away—his heirs is to be bodily heirs and to be his children or their children or brothers or sisters of their children." (p. 90.)

This court there held that the conveyance did not create a fee tail estate in the first takers.

The Ewing, Wood River Oil and Refining Co., and Smith cases, mentioned above, are all cited in one of our more recent decisions (*Steele v. Pedroja,* 178 Kan. 441, 289 P. 2d 738) where this court again held that the provisions of the will there interpreted did not create an estate tail to the land devised. The treatment of the subject was extensive in that decision and we think it unnecessary to cover it again.

The rules reflected in the foregoing decisions of this court compel us to conclude that the grantors, Anton Bauer and Helena Bauer, would have more nearly established or created a fee tail estate in George G. Bauer, or his bodily heirs, which could have been continued so long as there were bodily heirs if in preparing their deed they had stopped with the words, "bodily heirs" but when they went on to explain what they meant by "bodily heirs" by expressly adding "meaning by bodily heirs the generation of children following George G. Bauer, his children," they then created a life estate in George G. with a remainder in fee simple over to his children. Thus the trial court was correct in its ruling that George G. took a life estate and any conveyance made by him would convey no more than his life estate.

Judgment affirmed.