No. 43,117

Richard C. White, *Appellant,* v. Tracy A. Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(375 P. 2d 616)

Opinion filed November 3, 1962.

*Richard C. White, pro se.*

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: The appellant is at present an inmate of the state penitentiary and brought a proceeding in habeas corpus before the district court of Leavenworth county. The district court considered the complaints of appellant and then denied his petition. Appellant was allowed to bring his appeal to this court without expense to himself.

Appellant has raised only one question as to his sentence for grand larceny which occurred on the 27th day of March, 1961, in the Cherokee County district court. This question involves G. S. 1959 Supp., 62-1304, relating to the sentencing of the appellant

when he was not represented by counsel. The above statute has long provided for certain findings to be made and shown in the journal entry where defendant in a criminal case is unrepresented by counsel.

The fault found by appellant is not with the journal entry but with the copy of the transcript of the appellant's conversation with the judge of the district court. The transcribed report of these proceedings does not reflect that the court at that time expressed his finding that it would not be to the defendant's advantage to appoint counsel for him. However, the journal entry contains the following finding:

"Defendant states orally and in writing that he does not desire the services of an attorney and the Court finds that it will not be to the defendant's advantage to have an attorney appointed for him. . . ."

Thus, the finding missing from the transcript of the judge's conversation with White is found in the journal entry. Much the same question came before this court in the case of *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225. It was held there that the finding need not be in the transcript so long as the judge reported his finding in the journal entry. Similar decisions are to be found in *Tafarella v. Hand*, 185 Kan. 613, 347 P. 2d 356; *Goetz v. Hand*, 185 Kan. 788, 347 P. 2d 349, certiorari denied 362 U. S. 981, 4 L. Ed. 2d 1016, 80 S. Ct. 1068; *Tibbett v. Hand*, 185 Kan. 770, 347 P. 2d 353. And see further, *Hardman v. Hand*, 190 Kan. 148, 373 P. 2d 178.

As noted in the Hardman case, section 62-1304 is broader than the requirements of the federal constitution and therefore, the question of due process and violations of the Fourteenth Amendment are not pertinent to the interpretation and requirements of the Kansas statute. Attention may be directed to the federal cases on that point cited in *Hardman v. Hand*, supra, p. 149.

From the above authorities it must be amply apparent that the judgment of the district court was entirely correct.

The said judgment is affirmed.