No. 42,529

Nova L. Alcorn, a Widow; Paul Slagle and Golda Slagle, Husband and Wife; William P. Alcorn and Ruth Alcorn, Husband and Wife, *Appellees,* v. The State Highway Commission of the State of Kansas, a Body Corporate, *Appellant.*

(375 P. 2d 614)

Opinion filed November 3, 1962.

*Joseph W. Kennedy,* of Wichita, argued the cause, and *Lester L. Morris,* of Wichita, *Charles N. Henson* and *W. B. Kirkpatrick,* assistant attorneys general, *Stanley Taylor* and *Orville E. Caruthers,* assistant attorneys, State Highway Commission, *William L. Roberts,* of Topeka, and *Harold Irwin,* of Wichita, were with him on the briefs for the appellant.

*John Madden,* of Wichita, argued the cause, and *Robert M. Walker,* also of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: Plaintiff Nova L. Alcorn and others, appellees herein, brought this action to quiet title to certain real estate. The defendant (appellant), the State Highway Commission, hereinafter referred to as the commission, appealed from the judgment rendered in plaintiffs' favor quieting title in them.

The petition, as amended, alleged in pertinent part that plaintiffs for more than twelve years prior to the commencement of the action were the owners in fee and in possession of sixty-two acres lying north of the Atchison, Topeka and Santa Fe Railway and west of the Missouri Pacific Railroad tracks in the southwest quarter of section 36, township 27, in Sedgwick county; that the defendant, the commission, was and became the owner of a certain portion of plaintiffs' land by reason of a judgment entered in condemnation proceedings in the district court of Sedgwick county, case No. 101403, on the 30th day of August, 1938. The description of the tract condemned for highway purposes reads:

"A Tract of land lying in the Southwest Quarter (SW¼) of Section Thirty-six (36), Township Twenty-seven (27) South, Range 1 West, the Center Line of the proposed highway being described as follows:

"Beginning at a point on the West Line 164.5 Feet North of the Southwest Corner of said Section; thence in a Northeasterly direction on a curve of 5729.65 Feet radius to the left 60 Feet on the Left and along the Northerly Righ-of-Way Line of the Atchison, Topeka & Santa Fe Railroad on the Right, 2940.2 Feet; thence on a tangent to said curve 242.9 Feet to a point on the North Line 1933 Feet East of the Northwest Corner of said Quarter Section; the above contains, 14.69 acres, more or less."

The petition further alleged that the dividing line between the tract of land taken by the commission in the condemnation proceedings and the remaining portion of plaintiffs' tract of land was the east-west line of that portion of the land taken and used as highway K-42, which proceeds on a diagonal curve through plaintiffs' tract of land from the southwest corner through the northeast of said tract of land, as shown by a plat attached to the petition and made a part thereof.

The petition also alleged that the commission asserted some interest or claim in the land of the plaintiffs, and disputed and denied the location of the dividing line, and that the commission had no right, title, claim nor interest in or to plaintiffs' land in question by reason of the condemnation proceedings.

Plaintiffs asked that the commission set forth its claim of title and that the court determine the true dividing line; that plaintiffs' title be quieted in all that portion of the land lying east of the state highway K-42 and north of the Atchison, Topeka and Santa Fe Railway and west of the Missouri, Kansas and Pacific Railroad; and that plaintiffs be decreed to be the owners in title and possession of all said land.

In its answer the commission denied plaintiffs' title and possession and alleged that by reason of the statutory condemnation proceedings the commission had acquired an interest in the name of the state to the land in question for construction, improvement, maintenance and drainage of the state highway system, and that plaintiffs' title to the land in question was subject to the interest of the commission acquired by its exercise of eminent domain; further, that said land was acquired by the commission in the condemnation proceedings of August, 1938, and full compensation paid therefor.

Plaintiffs' reply denied that the commission acquired any title to the triangular strip of land in question.

After joining issues, and at a pretrial conference, the parties stipulated that the sole question to be presented and decided by the trial court was one of law, the question being whether or not the description of the property taken by the commission in the condemnation proceedings in the district court of Sedgwick county in August, 1938, was sufficient to include the triangular tract of land described in the plaintiffs' petition in which they sought to have title quieted.

After due consideration and an examination of the pleadings and

the exhibits attached thereto, the plat introduced in evidence, and the condemnation proceedings in its court, the trial court entered judgment quieting title in favor of the plaintiffs to the triangular tract in question, with the exception of the east sixty feet along the hypotenuse of the triangular tract. From this judgment the commission has appealed.

The commission contends, in substance, that the judgment of the trial court is as a matter of law erroneous in that its findings and judgment are not sustained by the pleadings and the exhibit attached thereto, the plat, and the condemnation proceedings of 1938 had in the district court of Sedgwick county. Inasmuch as this court is faced with the sole question of law that confronted the trial court, and regardless of the construction and interpretation made by the trial court, we stand in the position on appellate review to reexamine those documents and determine for ourselves whether or not the trial court's findings and judgment are sustained by the record, the meaning and effect of these documents, and render our decision on the legal question presented. (*Brungardt v. Smith,* 178 Kan. 629, 290 P. 2d 1039; *Bauer v. Bauer,* 188 Kan. 153, 360 P. 2d 852; *Hollenbeck v. Lyon,* 142 Kan. 352, 354, 47 P. 2d 63; *Palmer v. Johnson,* 132 Kan. 161, 294 Pac. 874.)

After a careful review of the pleadings, exhibits, the land description and the condemnation proceedings of August, 1938, it seems clear to us that the judgment of the trial court was erroneous. The sole question presented to that court was whether or not the description in the 1938 condemnation proceedings was sufficient to include the land in controversy. There is nothing in the record to support the trial court's findings that the condemnation proceedings actually described a strip of land sixty feet to either side of a center line, or that plaintiffs' title to the triangular strip of land in controversy should be quieted. The trial court's findings and judgment were not in accord with the question presented to it. It is the opinion of this court, from the record, that the property described in the condemnation proceedings of 1938 was sufficient to include and encompass the real estate described in the plaintiffs' petition in which they seek to a have title quieted in them.

It necessarily follows that the judgment of the trial court must be reversed and the case remanded with directions to enter judgment on the issue of law presented in accordance with the views herein expressed.